## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| OGMA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> 3M COMPANY; ASUSTEK COMPUTER, INC.; ASUS COMPUTER INTERNATIONAL; CANON INC.; CANON U.S.A., INC.; CASIO COMPUTER CO., LTD.; CASIO AMERICA, INC.; CHRISTIE DIGITAL SYSTEMS USA, INC.; COBY ELECTRONICS CORP.; DUKANE CORPORATION; EIKI INTERNATIONAL, INC.; SEIKO EPSON CORPORATION; EPSON AMERICA, INC.; HAIER GROUP COMPANY; HAIER AMERICA TRADING, L.L.C.; INFOCUS CORPORATION; LENOVO GROUP, LTD.; LENOVO HOLDING COMPANY, INC.; LENOVO (UNITED STATES), INC.; LG ELECTRONICS, INC.; LG ELECTRONICS U.S.A., INC.; MICRO-STAR INTERNATIONAL CO., LTD.; MSI COMPUTER CORP.; MITSUBISHI ELECTRIC CORPORATION; MITSUBISHI ELECTRIC & ELECTRONICS USA, INC.; NEC CORPORATION; NEC CORPORATION OF AMERICA; OPTOMA CORPORATION; OPTOMA TECHNOLOGY, INC.; PANASONIC CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA; PLANAR SYSTEMS, INC.; RUNCO INTERNATIONAL, L.L.C.; SANYO ELECTRIC CO., LTD.; SANYO NORTH AMERICA CORPORATION; SHARP CORPORATION; SHARP ELECTRONICS CORPORATION; SONY CORPORATION; SONY ELECTRONICS, INC.; SUPERSONIC, INC.; SYSTEMAX, INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; VIEWSONIC CORPORATION; and VIVITEK CORPORATION, <br><br> Defendants. | CASE NO.: <br><br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Ogma, LLC ("Ogma") hereby alleges for its Complaint against defendants 3M Company; ASUSTeK Computer, Inc.; ASUS Computer International; Canon, Inc.; Canon

U.S.A., Inc.; Casio Computer Co., Ltd.; Casio America, Inc.; Christie Digital Systems USA, Inc.; Coby Electronics Corp.; Dukane Corporation; Eiki International, Inc.; Seiko Epson Corporation; Epson America, Inc.; Haier Group Company; Haier America Trading, L.L.C.; InFocus Corporation; Lenovo Group, Ltd.; Lenovo Holding Company, Inc.; Lenovo (United States), Inc.; LG Electronics, Inc.; LG Electronics U.S.A., Inc.; Micro-Star International Co., Ltd.; MSI Computer Corp.; Mitsubishi Electric Corporation; Mitsubishi Electric & Electronics USA, Inc.; NEC Corporation; NEC Corporation of America; Optoma Corporation; Optoma Technology, Inc.; Panasonic Corporation; Panasonic Corporation of North America; Planar Systems, Inc.; Runco International, L.L.C.; Sanyo Electric Co., Ltd.; Sanyo North America Corporation; Sharp Corporation; Sharp Electronics Corporation; Sony Corporation; Sony Electronics, Inc.; Supersonic, Inc.; Systemax, Inc.; Toshiba Corporation; Toshiba America Information Systems, Inc.; ViewSonic Corporation; and Vivitek Corporation (collectively the "Defendants") on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## THE PARTIES

1.      Plaintiff Ogma is a Texas limited liability company with a place of business at 3301 W. Marshall Ave., Suite 303, Longview, TX 75604.

2.      On information and belief, Defendant 3M Company ("3M") is a Delaware corporation with a principal place of business at 3M Center, St. Paul, MN 55144.

3.      On information and belief, Defendant ASUSTeK Computer Inc. ("ASUS") is a Taiwanese corporation with a principal place of business at 4F, 150, Li-Te Road, Beitou District, Taipei City, Taiwan.   On further information and belief, Defendant ASUS Computer International ("ACI") is a California corporation with a principal place of business at 800 Corporate Way, Fremont, CA 94539.  ASUS and ACI will be referred to herein individually and collectively as the "ASUS Defendants."

4.      On information and belief, Defendant Canon Inc. ("Canon") is a Japanese corporation with a principal place of business at 30-2 Shimomaruko 3-Chome, Ohta-Ku, Tokyo

146-8501, Japan.   On further information and belief, Defendant Canon U.S.A., Inc. ("Canon USA") is a New York corporation with a principal place of business at One Canon Plaza, Lake Success, NY 11042.   Canon and Canon USA will be referred to herein individually and collectively as the "Canon Defendants."

5.      On information and belief, Defendant Casio Computer Co., Ltd. ("Casio") is a Japanese corporation with a principal place of business at 6-2, Hon-machi 1-chome, Shibuya-ku, Tokyo 151-8543, Japan.   On further information and belief, Defendant Casio America, Inc. ("Casio America") is a New York corporation with a principal place of business at 570 Mount Pleasant A venue, Dover, NJ 07801.   Casio and Casio America will be referred to herein individually and collectively as the "Casio Defendants."

6.      On information and belief, Defendant Christie Digital Systems USA, Inc. ("Christie") is a California corporation with a principal place of business at 10550 Camden Dr, Cypress, CA 90630.

7.      On information and belief, Defendant Coby Electronics Corp. ("Coby") is a New York corporation with a principal place of business at 1991 Marcus Ave., Lake Success, NY 11042.

8.      On information and belief, Defendant Dukane Corporation ("Dukane") is a Delaware corporation with a principal place of business at 2900 Dukane Drive, Saint Charles, IL 60174.

9.      On information and belief, Defendant Eiki International, Inc. ("Eiki") is a California corporation with a principal place of business at 30251 Esperanza, Rancho Santa Margarita, CA 92688.

10.     On information and belief, Defendant Seiko Epson Corporation ("Seiko Epson") is a Japanese corporation with a principal place of business at 3-3-5 Owa, Suwa, Nagano 392-8502, Japan.   On further information and belief, Defendant Epson America, Inc. ("Epson America") is a California corporation with a principal place of business at 3840 Kilroy Airport

Way, Long Beach, CA 90806.   Seiko Epson and Epson America will be referred to herein individually and collectively as the "Epson Defendants."

11.     On information and belief, Defendant Haier Group Company ("Haier") is a Chinese corporation with a principal place of business at No.1 Haier Road Hi-tech Zone, Qingdao, China.   On further information and belief, Defendant Haier America Trading, L.L.C. ("Haier America") is a New York limited liability company with a principal place of business at 1356 Broadway, New York, NY 10018.   Haier and Haier America will be referred to herein individually and collectively as the "Haier Defendants."

12.     On information and belief, Defendant InFocus Corporation ("InFocus") is an Oregon corporation with a principal place of business at 13190 SW 68th Parkway, Suite 200, Portland, OR 97223.

13.     On information and belief, Defendant Lenovo Group, Ltd. ("Lenovo") is a Chinese corporation with a principal place of business at No. 6 Chuang Ye Road, Shangdi Information Industry Base, Haidan District, Beijing 100085, China.   On further information and belief, Defendant Lenovo Holding Company, Inc. ("Lenovo Holding") is a Delaware corporation with a principal place of business at 1009 Think Place, Morrisville, NC 27560. On further information and belief, Defendant Lenovo (United States), Inc. ("Lenovo US") is a Delaware corporation with a principal place of business at 1009 Think Place, Morrisville, NC 27560. Lenovo, Lenovo Holding, and Lenovo US will be referred to herein individually and collectively as the "Lenovo Defendants."

14.     On information and belief, Defendant LG Electronics, Inc. ("LG") is a South Korean corporation with a principal place of business at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, South Korea.   On further information and belief, Defendant LG Electronics U.S.A., Inc. ("LG USA") is a Delaware corporation with a principal place of business at 1000 Sylvan Avenue Englewood Cliffs, NJ 07632.   LG and LG USA will be referred to herein individually and collectively as the "LG Defendants."

15.    On information and belief, Defendant Micro-Star International Co., Ltd. ("MSI") is a Taiwanese corporation with a principal place of business at No. 69, Li-De St., Jung-He City, Taipei Hsien, Taiwan.   On further information and belief, Defendant MSI Computer Corp. ("MSI Computer") is a California corporation with a principal place of business at 901 Canada Ct., City of Industry, CA 91748.  MSI and MSI Computer will be referred to herein individually and collectively as the " MSI Defendants."

16.    On information and belief, Defendant Mitsubishi Electric Corporation ("Mitsubishi") is a Japanese corporation with a principal place of business at Tokyo Building, 2-7-3, Marunouchi, Chiyoda-ku, Tokyo 100-8310, Japan.   On further information and belief, Defendant Mitsubishi Electric & Electronics USA, Inc. ("Mitsubishi USA") is a Delaware corporation with a principal place of business at 5665 Plaza Drive, Cypress, CA 90630. Mitsubishi and Mitsubishi USA will be referred to herein individually and collectively as the "Mitsubishi Defendants."

17.    On information and belief, Defendant NEC Corporation ("NEC") is a Japanese corporation with a principal place of business at 7-1, Shiba 5-chome, Minato-ku, Tokyo 108-8001, Japan.  On further information and belief, Defendant NEC Corporation of America ("NEC America") is a Nevada corporation with a principal place of business at 6535 N. State Highway 161, Irving, Texas 75039.  NEC and NEC America will be referred to herein individually and collectively as the "NEC Defendants."

18.    On information and belief, Defendant Optoma Corporation ("Optoma") is a Taiwanese corporation with a principal place of business at 5F., No. 108, Minchiuan Rd., Shindian City, Taipei, Taiwan.   On further information and belief, Defendant Optoma Technology, Inc. ("Optoma Technology") is a California corporation with a principal place of business at 715 Sycamore Dr, Milpitas, CA 95035.  Optoma and Optoma Technology will be referred to herein individually and collectively as the "Optoma Defendants."

19.    On information and belief, Defendant Panasonic Corporation ("Panasonic") is a Japanese corporation with a principal place of business at 1006 Oaza Kadoma, Kadoma, Osaka

571-8501, Japan.  On further information and belief, Defendant Panasonic Corporation of North America ("Panasonic North America") is a Delaware corporation with a principal place of business at One Panasonic Way, Secaucus, NJ 07094.  Panasonic and Panasonic North America will be referred to herein individually and collectively as the "Panasonic Defendants."

20.     On information and belief, Defendant Planar Systems, Inc. ("Planar") is a Delaware corporation with a principal place of business at 1195 NW Compton Drive, Beaverton, OR 97006.

21.     On information and belief, Defendant Runco International, L.L.C. ("Runco") is an Oregon limited liability company with a principal place of business at 1195 NW Compton Drive, Beaverton, OR 97006.

22.     On information and belief, Defendant Sanyo Electric Co., Ltd. ("Sanyo") is a Japanese corporation with a principal place of business at 2-5-5 Keihan-Hondori, Moriguchi-ku, Osaka 570-8677, Japan.  On further information and belief, Defendant Sanyo North America Corporation ("Sanyo North America") is a Delaware corporation with a principal place of business at 2055 Sanyo Avenue, San Diego, CA 92154.  Sanyo and Sanyo North America will be referred to herein individually and collectively as the "Sanyo Defendants."

23.     On information and belief, Defendant Sharp Corporation ("Sharp") is a Japanese corporation with a principal place of business at 22-22 Nagaike-cho, Abeno-ku, Osaka 545-8422, Japan.  On further information and belief, Defendant Sharp Electronics Corporation ("SEC") is a New York corporation with a principal place of business at 1 Sharp Plaza Mahwah, NJ 07495. Sharp and SEC will be referred to herein individually and collectively as the "Sharp Defendants."

24.     On information and belief, Defendant Sony Corporation ("Sony") is a Japanese corporation with a principal place of business at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan.  On information and belief, Defendant Sony Electronics, Inc. ("SEI") is a Delaware corporation with a principal place of business at 16530 Via Esprillo, San Diego, CA 92127. Sony and SEI will be referred to herein individually and collectively as the "Sony Defendants."

25.     On information and belief, Defendant Supersonic, Inc. ("Supersonic") is a California corporation with a principal place of business at 6555 Bandini Blvd., Commerce, CA 90040.

26.     On information and belief, Defendant Systemax, Inc. ("Systemax") is a Delaware corporation with a principal place of business at 11 Harbor Park Drive, Port Washington, NY 11050.

27.     On information and belief, Defendant Toshiba Corporation ("Toshiba") is a Japanese corporation with a principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan.   On further information and belief, Defendant Toshiba America Information Systems, Inc ("Toshiba America") is a California corporation with a principal place of business at 9740 Irvine Boulevard, Irvine, CA 92618.  Toshiba and Toshiba America will be referred to herein individually and collectively as the "Toshiba Defendants."

28.     On information and belief, Defendant ViewSonic Corporation ("ViewSonic") is a Delaware corporation with a principal place of business at 381 Brea Canyon Road, Walnut, CA 91789.

29.     On information and belief, Defendant Vivitek Corporation ("Vivitek") is a California corporation with a principal place of business at 4425 Cushing Pky, San Jose, CA 94538.

## JURISDICTION AND VENUE

30.     This action arises under the patent laws of the United States, Title 35 of the United States Code, §§ 271 and 281, *et seq*. because each of the Defendants has committed acts of patent infringement within the United States and this judicial district.  Accordingly, this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

31.     Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b), in that the defendants are subject to personal jurisdiction in this district.  At a minimum, each of the defendants has delivered infringing products into the stream

of commerce with the expectation that they will be purchased by consumers in Texas, including consumers in the Eastern District of Texas.

## THE '427 PATENT

32.     On October 20, 1998, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,825,427 ("the '427 Patent"), entitled "Image Display System," to Kenneth J. Macleod.  A copy of the '427 Patent is attached to the Complaint as Exhibit A.

33.     By reason of an assignment dated January 25, 2011, Plaintiff Ogma owns all rights, title and interest in the '427 Patent.

## FIRST CAUSE OF ACTION
### (Infringement of the '427 Patent)
### (35 U.S.C. § 271)

34.     Plaintiff repeats and incorporates by reference each of the allegations contained in Paragraphs 1 through 33 above, and further alleges as follows:

35.     On information and belief, without a license or permission from Plaintiff, Defendant 3M has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent.  Defendant 3M did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, several examples of Defendant 3M's infringing products include multi-touch displays C2254PW, C2234SW, M2256PW, the WX20 projector, and related families of products.  Defendant 3M's infringement of the '427 Patent has caused substantial damage to Plaintiff.

36.     On information and belief, without a license or permission from Plaintiff, the ASUS Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent.  The ASUS Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, several examples of the ASUS Defendants' infringing products include laptop computers G50v, M50,

N50, N80, EP121, and related families of products.  The ASUS Defendants' infringement of the '427 Patent has caused substantial damage to Plaintiff.

37.    On information and belief, without a license or permission from Plaintiff, the Canon Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent.  The Canon Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.   Without limitation, several examples of the Canon Defendants' infringing products include projectors W4000, W4000, WUX10 Mark II, WUX10 Mark II D, LV-8310, LV-8215, and related families of products.  The Canon Defendants' infringement of the '427 Patent has caused substantial damage to Plaintiff.

38.    On information and belief, without a license or permission from Plaintiff, the Casio Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent.  The Casio Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.   Without limitation, several examples of the Casio Defendants' infringing products include projectors XJ-A255V, XJ-A250, XJ-A245V, XJ-A240, XJ-A235U, XJ-A230, and related families of products.   The Casio Defendants' infringement of the '427 Patent has caused substantial damage to Plaintiff.

39.    On information and belief, without a license or permission from Plaintiff, Defendant Christie has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent.  Defendant Christie did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, several examples of Defendant Christie's infringing products include projectors LW400, LWU420, LWU505, LW555, LW650, DWU670-E, WX7K-M, WX10K-M, WU7K-M, WU12K-M, WU12K-M, WU3, WU7K-M, WU7, WU12K-M, WU12, WU18, and related families of products.  Defendant Christie's infringement of the '427 Patent has caused substantial damage to Plaintiff.

COMPLAINT FOR PATENT INFRINGEMENT                    9

40.     On information and belief, without a license or permission from Plaintiff, Defendant Coby has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent.  Defendant Coby did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, several examples of Defendant Coby's infringing products are the TFTV1325 LCD television, the DP1452 and DP1252 digital photo frames, and related families of products.  Defendant Coby's infringement of the '427 Patent has caused substantial damage to Plaintiff.

41.     On information and belief, without a license or permission from Plaintiff, Defendant Dukane has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent.  Defendant Dukane did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, several examples of Defendant Dukane's infringing products are projectors 8111H, 8407, 8791HW, 8924HW, 8104HW, 8957HW, 8949H, 9137WU, and related families of products.  Defendant Dukane's infringement of the '427 Patent has caused substantial damage to Plaintiff.

42.     On information and belief, without a license or permission from Plaintiff, Defendant Eiki has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent.  Defendant Eiki did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, several examples of Defendant Eiki's infringing products are projectors EIP-WX5000, EIP-WX5000/L, LC-WXL200, LC-WGC500A, LC-WUL100, and related families of products.  Defendant Eiki's infringement of the '427 Patent has caused substantial damage to Plaintiff.

43.     On information and belief, without a license or permission from Plaintiff, the Epson Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent.  The Epson

Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, a few examples of the Epson Defendants' infringing products are the 450Wi and 450WiRM projectors, and related families of products. The Epson Defendants' infringement of the '427 Patent has caused substantial damage to Plaintiff.

44.     On information and belief, without a license or permission from Plaintiff, the Haier Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent. The Haier Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, one of the Haier Defendants' infringing products is the HLT10 LCD television. The Haier Defendants' infringement of the '427 Patent has caused substantial damage to Plaintiff.

45.     On information and belief, without a license or permission from Plaintiff, Defendant InFocus has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent. Defendant InFocus did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, several examples of Defendant InFocus's infringing products include projectors ASK Proxima C410, A3300, C250W, M22, and projectors InFocus IN3904, IN2116, IN1102, IN1503, IN3116, IN146, IN5104, IN5110, IN5304, IN5502, IN5532, IN5533, IN5535, IN5124, IN1102, and related families of products. Defendant InFocus's infringement of the '427 Patent has caused substantial damage to Plaintiff.

46.     On information and belief, without a license or permission from Plaintiff, the Lenovo Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent. The Lenovo Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, several

examples of the Lenovo Defendants' infringing products include laptop computers G350, X30, T400, T500, T410S, and related families of products. The Lenovo Defendants' infringement of the '427 Patent has caused substantial damage to Plaintiff.

47.    On information and belief, without a license or permission from Plaintiff, the LG Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent. The LG Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, several examples of the LG Defendants' infringing products include LCD monitors C220WXE,W2286L, W3000H, and related families of products. The LG Defendants' infringement of the '427 Patent has caused substantial damage to Plaintiff.

48.    On information and belief, without a license or permission from Plaintiff, the MSI Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent. The MSI Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, several examples of the MSI Defendants' infringing products include laptop computers GT640-287US, GX640-260US, GX740-235US, GX640-098US, GT640-287US, GX633-070US, GX630-037CA, VR601, and related families of products. The MSI Defendants' infringement of the '427 Patent has caused substantial damage to Plaintiff.

49.    On information and belief, without a license or permission from Plaintiff, the Mitsubishi Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent. The Mitsubishi Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, several examples of the Mitsubishi Defendants' infringing products include projectors EW270U, EW230U-ST, WD620U-G, WD620U, WD3300U, WD8200U, WL2650U, and related families

of products.  The Mitsubishi Defendants' infringement of the '427 Patent has caused substantial damage to Plaintiff.

50.     On information and belief, without a license or permission from Plaintiff, the NEC Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent.  The NEC Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.   Without limitation, several examples of the NEC Defendants' infringing products include projectors NP410W, NP-M260W, NP510WS, NP-M300W, NP-M300WS, NP-U310W, NP-P350W, NP-PA550W, NP3250W, NP4100W, and related families of products.  The NEC Defendants' infringement of the '427 Patent has caused substantial damage to Plaintiff.

51.     On information and belief, without a license or permission from Plaintiff, the Optoma Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent.  The Optoma Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.   Without limitation, several examples of the Optoma Defendants' infringing products include projectors EW330, EW536, Pro350W, EW1610, and related families of products.  The Optoma Defendants' infringement of the '427 Patent has caused substantial damage to Plaintiff.

52.     On information and belief, without a license or permission from Plaintiff, the Panasonic Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent.   The Panasonic Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, several examples of the Panasonic Defendants' infringing products include the PT-DW530U projector, the Toughbook CF-F9 laptop computer, and related families of products.   The

Panasonic Defendants' infringement of the '427 Patent has caused substantial damage to Plaintiff.

53.    On information and belief, without a license or permission from Plaintiff, Defendant Planar has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent.  Defendant Planar did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.   Without limitation, one example of Defendant Planar's infringing products is the PR5030 projector.   Defendant Planar's infringement of the '427 Patent has caused substantial damage to Plaintiff.

54.    On information and belief, without a license or permission from Plaintiff, Defendant Runco has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent.  Defendant Runco did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.   Without limitation, one example of Defendant Runco's infringing products is the VX-8D projector.   Defendant Runco's infringement of the '427 Patent has caused substantial damage to Plaintiff.

55.    On information and belief, without a license or permission from Plaintiff, the Sanyo Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent.  The Sanyo Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.   Without limitation, several examples of the Sanyo Defendants' infringing products include projectors PLC-ZM5000L, PLC-WTC500L, PLC-WM5500/L, PLC-WM4500/L, PLC-WTC500AL, PLC-WXU700A, PLC-WXU30A, PLC-WXU300, PLC-WK2500, PDG-DWL100, PLC-WL2500, PLC-WR251, PLC-WTC500AL, PLC-WL2503, PDG-DWL2500, and related families of products.   The Sanyo Defendants' infringement of the '427 Patent has caused substantial damage to Plaintiff.

56.     On information and belief, without a license or permission from Plaintiff, the Sharp Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent.  The Sharp Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, a few examples of the Sharp Defendants' infringing products include the PG-D2870W and PG-D3050W projectors, and related families of products.  The Sharp Defendants' infringement of the '427 Patent has caused substantial damage to Plaintiff.

57.     On information and belief, without a license or permission from Plaintiff, the Sony Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent.  The Sony Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.   Without limitation, several examples of the Sony Defendants' infringing products include the DPX-XR100, DPF-D1020, DPF-VR100 digital photo frames, the VGN-FZ150E/BC laptop computer, the VPL-BW7 LCD television, and related families of products.  The Sony Defendants' infringement of the '427 Patent has caused substantial damage to Plaintiff.

58.     On information and belief, without a license or permission from Plaintiff, Defendant Supersonic has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent.  Defendant Supersonic did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, one example of Defendant Supersonic's infringing products is the SC-1331 LCD television.   Defendant Supersonic's infringement of the '427 Patent has caused substantial damage to Plaintiff.

59.     On information and belief, without a license or permission from Plaintiff, Defendant Systemax has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent.  Defendant

Systemax did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, one example of Defendant Systemax's infringing products is the Pursuit 4170 laptop computer. Defendant Systemax's infringement of the '427 Patent has caused substantial damage to Plaintiff.

60.     On information and belief, without a license or permission from Plaintiff, the Toshiba Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent. The Toshiba Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, one example of the Toshiba Defendants' infringing products is the L305 laptop computer. The Toshiba Defendants' infringement of the '427 Patent has caused substantial damage to Plaintiff.

61.     On information and belief, without a license or permission from Plaintiff, Defendant ViewSonic has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent. Defendant ViewSonic did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, several examples of Defendant ViewSonic's infringing products include the PJD6531w, PJD7583w, Pro8450w projectors, and related families of products. Defendant ViewSonic's infringement of the '427 Patent has caused substantial damage to Plaintiff.

62.     On information and belief, without a license or permission from Plaintiff, Defendant Vivitek has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '427 Patent. Defendant Vivitek did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, several examples of Defendant Vivitek's infringing products include projectors D326WX, D330WX, D513W, D537W, and related families of products. Defendant Vivitek's infringement of the '427 Patent has caused substantial damage to Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ogma, LLC prays for relief as follows:

A.      Declaring that the Patent-in-Suit is valid and enforceable, and that each Defendant has infringed one or more claims of the Patent-in-Suit;

B.      Awarding Plaintiff damages in an amount adequate to compensate Plaintiff for each defendant's infringement, in accordance with 35 U.S.C. § 284;

C.      Awarding Plaintiff its costs of suit, including reasonable attorney fees, because this is an exceptional case under 35 U.S.C. § 285; and

D.      Granting such other and further relief as this Court may deem just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Ogma, LLC demands a trial by jury of this action.

Dated:  March 16, 2011                          Respectfully submitted,


                                                By:  /s/ Andrew W. Spangler
                                                     Andrew W. Spangler
                                                     State Bar No. 24941960
                                                     spangler@spanglerlawpc.com
                                                     Spangler Law PC
                                                     208 N. Green St., Suite 300
                                                     Longview, TX  75601
                                                     Bus:  (903) 753-9300
                                                     Fax:  (903) 553-0403

                                                     **Co-Counsel:**
                                                     James C. Otteson
                                                     CA Bar No. 157781
                                                     (Admitted E.D. Texas)
                                                     jim@agilityiplaw.com

                                                     David A. Caine
                                                     CA Bar No. 218074
                                                     (Admitted E.D. Texas)
                                                     dacaine@agilityiplaw.com

                                                     Thomas T. Carmack
                                                     CA Bar No. 229324
                                                     (Admitted E.D. Texas)
                                                     tom@agilityiplaw.com

                                                     Xiang Long
                                                     CA Bar No. 246629
                                                     (Admitted E.D. Texas)
                                                     longxiang@agilityiplaw.com

                                                     Agility IP Law
                                                     1900 University Circle, Suite 201
                                                     East Palo Alto, CA  94303
                                                     Bus:  650-227-4800
                                                     Fax:  650-318-3483

                                                     Attorneys for Plaintiff OGMA, LLC